## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, 1255 23rd Street NW, Suite 450, Washington, DC 20037, | ) ) ) ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. 17-2570 |
| v. | ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, 1400 Independence Avenue SW, Washington, DC 20250, and | ) ) ) ) ) | Freedom of Information Act |
| FARM SERVICE AGENCY, 1400 Independence Avenue SW, Washington, DC 20250, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

## INTRODUCTION

1.    This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of Agriculture's ("USDA") Farm Service Agency ("FSA") to produce all records responsive to a FOIA request for documentation of FSA's funding of food animal production facilities in several California counties.

2.    FSA has improperly withheld records responsive to the FOIA request.

## JURISDICTION AND VENUE

3.    This Court has subject-matter jurisdiction over this action both because it arises under a federal statute and because an agency of the United States is the defendant. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. §§ 1331, 1346.

4.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5.      Plaintiff The Humane Society of the United States ("HSUS") is a nonprofit organization headquartered in the District of Columbia and incorporated in Delaware. HSUS is the largest animal protection organization in the United States, representing millions of members and constituents. HSUS has members throughout the United States, including in California, who live in close proximity to animal production facilities and suffer harm from pollution coming from such facilities.

6.      Defendant USDA is a federal cabinet department and is legally responsible for the final actions and decisions of the agencies within the USDA.

7.      Defendant FSA is an agency within the USDA.

## LEGAL FRAMEWORK

8.      FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A), (f).

9.      Agencies may promulgate the rules stating the time, place, fees, and procedures to be followed in making FOIA requests. 5 U.S.C. § 552(a)(3)(A). FOIA procedures for USDA, within which FSA is an agency, are codified at 7 C.F.R. §§ 1.1-1.25 & Appx. A to Subpt. A.

10.     In its pursuit of encouraging open government, FOIA imposes strict deadlines on agencies to provide documents responsive to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

11.     An agency must comply with a FOIA request by issuing a determination within twenty working days after receipt of the request. An agency must immediately notify the

requester of the determination and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

12.     An agency has twenty working days to make a determination with respect to any appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

13.     Upon filing an administrative appeal, a requester satisfies the requirement of securing full administrative review before filing a lawsuit because "there [are] no further steps [the requester] could have taken in the administrative process." *See Kenney v. U.S. Dep't of Justice*, 700 F. Supp. 2d 111, 116-17 (D.D.C. 2010).

14.     An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

15.     A FOIA requester who exhausts administrative remedies may petition the Court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004).

## STATEMENT OF FACTS

### *The HSUS Request for Records.*

16.     HSUS requested records from FSA on August 23, 2016, seeking information related to FSA funding of animal production facilities.

17.     The request specifically asked for records "relating or referring to funds granted to, denied to, or requested by" dairy, egg, poultry, pig, and beef production facilities. HSUS's request was temporally and geographically narrow: HSUS sought records from February 1, 2015 to August 23, 2016 that concerned facilities located in sixteen California counties.

***Defendants' Continuing Delayed Response.***

18.     FSA did not respond within 20 days after the August 23, 2016 request.

19.     On October 11, 2016, HSUS wrote an email to FSA Washington, D.C. FOIA

contact Kent Polisch, asking for the status of the FOIA request. FSA did not respond.

20.     On January 10, 2017, HSUS again wrote Mr. Politsch, as well as the Acting

Department FOIA Officer for USDA, explaining that the agency had failed to respond to the

FOIA request and that HSUS considered the request to be "constructively denied."

21.     Over three weeks later, USDA Department FOIA Officer Alexis Graves called

and emailed HSUS to explain that the agency would "elevate" the FOIA request. Following this

first agency contact, on February 2, 2017, a letter from FSA Acting Director of the Office of

External Affairs Gwen Sparks acknowledged the FOIA request, gave the request an identifying

control number, and stated, "[t]o the extent, we can provide interim releases on a rolling basis,

we will do so." The letter identified Barbara McLean as the FSA contact for the FOIA request.

22.     On February 9, 2017, FSA provided HSUS the "first interim release"—an Excel

spreadsheet providing basic loan information for 144 projects.

23.     Ms. McLean emailed HSUS on February 28, 2017, explaining that she had

received all of the "final applications and related information" from FSA's California office, and

that FSA planned "to send out a release . . . this week."

24.     Instead of following through with the planned release, FSA organized a meeting

between FSA officials and HSUS on March 7, 2017, to determine whether FSA could narrow

down the responsive documents. In the meeting, HSUS agreed to FSA's request that the agency

first release a "snapshot" of the records, by sending documents related to a handful of loans that

HSUS identified from the Excel spreadsheet released on February 9, 2017. On March 15, 2017,

4

HSUS emailed Ms. McLean with a list of five loans for the agency to process as the initial
"snapshot" release. HSUS requested environmental records, such as National Environmental
Policy Act documents, for all of the five identified loans.

25.     On April 3, 2017, nearly one month after FSA agreed to release an initial
"snapshot," Ms. McLean emailed HSUS to state that she had "received some but not all" of the
documents from the FSA office in California, despite Ms. McLean's February 28 email
explaining that she had received all of the loan applications and their related information.

26.     FSA did not communicate with HSUS for more than another month.

27.     On April 24, 2017, HSUS emailed Ms. McLean "to check the status" of the FOIA
request. She did not respond. On May 10, 2017, HSUS emailed a second "Constructive denial
notice" to Ms. McLean and Ms. Graves. In the May 10 notice letter, HSUS asked that FSA
provide all of the "snapshot" records "and also provide[] a general schedule for the release of all
of [the] requested records (*i.e.*, not only those records identified in [the] March 15, 2017 email)
by close of business on Friday May 19, 2017."

28.     Ms. McLean responded to the second "Constructive denial notice" on the same
day that HSUS sent it, May 10, 2017. She said that FSA planned "to release the sample
documents to [HSUS] by the end of next week or the beginning of the following week."

29.     On May 26, 2017, FSA released via email 142 pages of heavily redacted records.
The withheld redactions reference FOIA Exemption 6 and Exemption 3.

30.     FSA did not provide, and still has not provided, a "general schedule for the
release of all of [the] requested records," as HSUS requested in its May 10, 2017 letter.

31.     Even though HSUS requested environmental records for all five loans in the
"snapshot" release, the May 26, 2017, records released from FSA included only two

environmental documents—an "Environmental Checklist For Categorical Exclusions" for two of the five loans. Because of the minimal records, HSUS emailed Ms. McLean on May 31, 2017, to ensure that the records FSA sent on May 26 did "compose the entire, comprehensive release for" the "snapshot," and asked if there were any documents missing. Ms. McLean responded two weeks later, on June 13, 2017, to state that she would check into the missing documents and let HSUS know "as soon as [she was] positively sure if [FSA was] missing anything."

32.     Ms. McLean has not communicated with HSUS since June 13, 2017.

33.     In total, FSA has provided one Excel spreadsheet and 142 pages of heavily redacted documents in response to the August 23, 2016, FOIA response.

***The HSUS Administrative Appeal and Defendants' Failure to Respond.***

34.     On June 23, 2017, HSUS appealed FSA's withholding of records.

35.     FSA did not make a determination within 20 days after the June 23, 2017 appeal. As of the date of this Complaint, FSA still has not made a determination on the appeal.

36.     On July 6, 2017, Robin Wieland of the FSA Appeals and Litigation Staff emailed HSUS to set up a phone call regarding the FOIA request and appeal. HSUS and Ms. Wieland held the call the following morning.

37.     In both her email and the phone call, Ms. Wieland explained that the Excel spreadsheet that FSA provided on February 9, 2017, "listed only direct credit loans issued by FSA." The spreadsheet did not include guaranteed loans, which Ms. Wieland agreed were responsive the FOIA request. In the phone call, Ms. Wieland offered to discuss with Ms. McLean that FSA share with HSUS a spreadsheet for guaranteed loans that was similar to the direct credit loan spreadsheet.

38.     In the July 7 phone call with HSUS, Ms. Wieland stated that FSA had sent to USDA's Office of General Counsel the "snapshot" release. According to Ms. Wieland, the Office of General Counsel would review the redactions in the "snapshot" release and make a determination as to whether the withholding was improper. By email on July 13, 2017, Ms. Wieland told HSUS, "I've referred your FOIA appeal to our Office of General Counsel for its review of the records that were withheld in part (the 'snapshot' release on May 26, 2017.)"

39.     In her July 13, 2017, email, Ms. Wieland also stated that OGC operates on "its own timelines," and that, "As soon as I hear something from OGC, I'll let you know." HSUS responded via email on the same day to "make sure" that FSA is aware that both USDA regulations and the FOIA statutory language impose a deadline of 20 working days to respond to an administrative appeal—regardless of the Office of General Counsel's participation in review of the appeal. Ms. Wieland did not reply to this July 13, 2017, HSUS email.

40.     According to Ms. Wieland, she met with the Office of General Counsel on July 31 and August 10, 2017, to discuss the appeal.

41.     On August 30, 2017, Ms. Wieland emailed HSUS to discuss the documents provided in the "snapshot" release. According to Ms. Wieland, she and the Office of General Counsel found that FSA again had not performed an adequate search—this time regarding the "snapshot" release. Ms. Wieland told HSUS, "You received records you did not ask for and did not receive the records you expressly requested nor a reason for why you didn't receive them."

42.     The August 30 email also explained FSA's interest in first resolving the "snapshot" release problems in order to efficiently administer the release of the remaining responsive records. Ms. Wieland wrote, "So on appeal, OGC is working with me to fill in all the

blanks so that the appeal response we issue will provide you with as much information as we can provide for you to make future decisions about the request."

43.     The following day, on August 31, 2017, Ms. Wieland told HSUS by email, "the Office of General Counsel is continuing to review your case. Once its review is completed, the file will [be] returned to me for approval by the Administrator."

44.      On September 11, 2017, HSUS emailed Ms. Wieland, Ms. McLean, and FSA official Amber Ross to ask about the status of the FOIA appeal. No one from FSA responded.

45.     In the first week of October 2017, HSUS called Ms. Wieland and left a voicemail asking about the status of the FOIA appeal. One day after HSUS left the voicemail, a USDA official named Gwen Salmon called HSUS. Ms. Salmon explained that Ms. Wieland had retired from FSA. According to Ms. Salmon, FSA planned to hire a replacement for Ms. Wieland, and the new hire would work on the FOIA appeal. Ms. Salmon also provided an FSA phone number and stated that someone from FSA would call HSUS during the week of October 9, 2017.

46.     No one from FSA has contacted HSUS since the phone call with Ms. Salmon during the first week of October. HSUS attempted to call the phone number that Ms. Salmon provided several times during the week of October 16, 2017. No one answered.

47.      Stymied by over a year of FSA recalcitrance and delay, HSUS now turns to this Court to enforce the public access to agency records and other remedies guaranteed by FOIA.

## CLAIMS FOR RELIEF

### Claim One: Violation of the Freedom of Information Act
### (unlawful redactions)

48.     HSUS has a statutory right to the records it sought in the FOIA request, including the withheld portions of the records provided. FSA has no legal basis for failing to disclose such records to HSUS.

8

49.     Defendants have unlawfully relied on Exemptions 3 and 6 to withhold portions of the responsive records.

50.      HSUS administratively appealed FSA's use of Exemptions 3 and 6 to withhold records. More than 20 working days have passed since FSA received HSUS's administrative appeal, and Defendants have not provided a final determination of the administrative appeal.

51.     HSUS has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); *see also Kenney*, 700 F. Supp. 2d at 116-17.

### Claim Two: Violation of the Freedom of Information Act
### (failure to release records)

52.     HSUS has a statutory right to the records it sought in the FOIA request. FSA has no legal basis for failing to disclose such records to HSUS.

53.     Defendants have failed to disclose all documents responsive to the FOIA request.

54.     More than 20 working days have passed since FSA received HSUS's FOIA request, and Defendants have not made a determination regarding the request.

55.     HSUS administratively appealed FSA's failure to produce all responsive records, including documents beyond those provided in the initial "snapshot" release. More than 20 working days have passed since FSA received HSUS's administrative appeal, and Defendants have not provided a final determination of the administrative appeal.

56.     HSUS has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); *see also Kenney*, 700 F. Supp. 2d at 116-17.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HSUS respectfully requests that this Court:

(1)     Declare that Defendants' withholding of the requested records pursuant to Exemptions 3 and 6 is unlawful;

(2)     Declare that Defendants' failure to provide records within statutory timeframe is
        unlawful;

(3)     Order Defendants to make the requested records available to HSUS;

(4)     Award HSUS its costs and reasonable attorneys' fees pursuant to 5 U.S.C.
        § 552(a)(4)(E); and

(5)     Award such other relief as this Court deems just and proper.


                                        /s/ Daniel H. Lutz
                                        Daniel Lutz (D.D.C. Bar No. D00424)
                                        Peter Brandt (D.C. Bar No. 982936)
                                        The Humane Society of the United States
                                        1255 23rd Street NW
                                        Washington, DC 20037
                                        (202) 676-2386
                                        (202) 676-2357 (facsimile)
                                        dlutz@humanesociety.org
                                        pbrandt@humanesociety.org

                                        Counsel for Plaintiff
                                        The Humane Society of the United States